IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Guillermo Velasquez, )
)
Petitioner, )
) Civil Action No.: 10 C 8028
v. )
) Suzanne B. Conlon, Judge
Randy J. Davis, )
)
Respondent. )

**MEMORANDUM OPINION AND ORDER**

Guillermo Velasquez petitions *pro se* for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. He argues that his trial counsel was ineffective; he was not proven guilty beyond a reasonable doubt; he was illegally arrested; and his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966) were violated. The State contends Velasquez procedurally defaulted his claims; his insufficient evidence claim is meritless; and *Stone v. Powell*, 428 U.S. 465, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976) forecloses his illegal arrest claim. For the reasons discussed below, Velasquez's *habeas* petition is denied.

**BACKGROUND**

Following a bench trial, Velasquez was convicted of two counts of predatory criminal sexual assault of a child and sentenced to consecutive seven-year prison terms. Dkt. 16, Ex. H at 1. The central evidence presented against Velasquez was his written confession, which was admitted over his objection, and the 11-year old victim's testimony about the sexual assault on November 26, 2003. *Id.* at Ex. M. Velasquez testified that he was with the 11-year old in his car on November 26, 2003, but denied any sexual activity occurred or that he gave the statement

attributed to him. *Id.* at Ex. M, Q-120 thru Q-141. The court also heard testimony from the arresting officer, one of the investigating officers and, for the defense, a nurse who assisted in the victim's examination. *Id.* at Ex. M. Weighing the credibility of all witness testimony and the confession, the trial court found Velasquez guilty of child predatory criminal sexual assault. *Id.* at Ex. M, Q-150 thru Q-151.

On direct appeal, Velasquez, represented by counsel, raised three issues: (1) his trial counsel was ineffective for failing to object to the admission of Velasquez's written statement because of his inability to read or speak English; (2) he was not proven guilty beyond a reasonable doubt because the State presented no evidence he knew the victim was under 13 years of age; and (3) the trial court erred in failing to give credit against his fines for time served in pre-sentence custody. Dkt. 16, Ex. A. In its December 26, 2007 order, the Illinois appellate court found Velasquez understood the contents of his written statement before signing it because each page was translated into Spanish for him. *Id.*, Ex. D at 15. In affirming the conviction, the Illinois appellate court concluded Velasquez's written statement would have been admissible even if defense counsel had objected to its admissibility, and Illinois' predatory criminal sexual assault of a child statute (720 ILCS 5/12-14.1(a)) did not require a showing that Velasquez knew his victim was under 13 years of age. *Id.* at 16-17. The appellate court modified his sentence by offsetting the $200 fine by his pre-sentence custody. *Id.* at 18. On January 8, 2008, the Illinois appellate court denied Velasquez's petition for rehearing. Dkt. 16, Ex. E.

Velasquez, represented by counsel, filed a petition for leave to appeal to the Illinois Supreme Court, raising only whether knowledge of the victim's age was an implied element of predatory criminal sexual assault. Dkt. 16, Ex. F. On March 26, 2008, the Illinois Supreme

Court denied leave to appeal. *People v. Velasquez*, 888 N.E.2d 1188 (Ill. 2008); Dkt. 2 at 83. Velasquez did not petition the United States Supreme Court for a writ of *certiorari*. Dkt. 2 at 2.

On December 2, 2008, Velasquez filed a *pro se* petition for post-conviction relief with the Circuit Court of Cook County pursuant to 725 ILCS 5/122-1. Dkt. 16, Ex. G. Velasquez alleged he was denied effective assistance of counsel because his trial counsel refused to investigate and call several witnesses at a suppression hearing to corroborate Velasquez's contention that he requested an attorney during interrogation but was denied one. *Id.* at 4-6. He also argued his trial counsel refused to allow him to testify at the hearing. *Id.* at 6. On January 9, 2009, the trial court dismissed the petition as frivolous and patently without merit, finding Velasquez waived his ineffective assistance of counsel claim by failing to raise it on direct appeal. Dkt. 16, Ex. H at 4-5. The trial court alternatively found Velasquez failed to attach affidavits from any potential witnesses or to explain the significance of their testimony. *Id.* at 7. Velasquez, represented by counsel, appealed the trial court's decision. Dkt. 16, Ex. I. On October 25, 2010, the Illinois appellate court affirmed. Dkt. 16, Ex. L. The court found defense counsel reasonably decided not to pursue Velasquez's *Miranda* rights theory in light of his own signed statement, the signed notification of rights form and the investigating officer's testimony that she gave *Miranda* warnings to Velasquez in Spanish. *Id.* at 7. The court also concluded Velasquez's failure to attach affidavits or explain their absence was fatal to his petition. *Id.* at 8. Velasquez did not file a petition for leave to appeal to the Illinois Supreme Court. Dkt. 2 at 3.[1]

---

[1] Illinois Supreme Court Rule 315 provides a petition for leave to appeal must be filed within 35 days of an Illinois appellate court's judgment.

## ANALYSIS

A state petitioner's writ of *habeas corpus* will not be granted on any claim that a state court adjudicated on the merits unless the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court or was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. §§ 2254(a), (d). Before a federal court may consider *habeas* claims, a petitioner must have exhausted all state court remedies by presenting each claim through one complete round of state court review, either on direct appeal or in a post-conviction proceeding. 28 U.S.C. § 2254(b)(1); *Guest v. McCann*, 474 F.3d 926, 929-30 (7th Cir. 2007), *cert. denied*, 552 U.S. 824, 128 S. Ct. 170, 169 L. Ed. 2d 33 (2007); *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004).[2]

### A. Ineffective Assistance of Counsel

Velasquez alleges four claims of ineffective assistance of counsel in his § 2254 petition: his trial counsel failed to (1) object to the admission of Velasquez's written statement because he could not read or speak English; (2) investigate and present evidence regarding his state of mind after eight police officers attempted to question him following 29 hours in lock-up without food or water; (3) investigate his contention that he requested an attorney during interrogation; and (4) allow him to testify at the suppression hearing. Velasquez raised his first contention before the Illinois appellate court on direct appeal, but did not include it in his petition for leave to appeal to the Illinois Supreme Court. Similarly, he raised his third and fourth contentions before the trial

---

[2] On May 20, 2010, Velasquez filed a petition for writ of *habeas corpus*, which was denied on June 17, 2010 for failure to exhaust state court remedies. *Velasquez v. Davis*, Case No. 10 C 2958, Dkt. No. 11.

4

court and the Illinois appellate court in his post-conviction proceeding, but did not file any petition for leave to appeal to the Illinois Supreme Court. He did not raise his second contention either on direct appeal or in his post-conviction proceeding. Velasquez procedurally defaulted his ineffective assistance of counsel claims because he failed to raise them in one complete round of state court review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848, 119 S. Ct. 1728, 1734, 144 L. Ed. 2d 1 (1999) (failure to present claims to all state court levels, including the Illinois Supreme Court, before presenting them to a federal court constitutes a procedural default); *Johnson v. Hulett*, 574 F.3d 428, 432 (7th Cir. 2009) (petitioner "cannot argue one theory to the state courts and another theory, based on different facts, to the federal court").

Velasquez's procedural default may be excused if he demonstrates cause for and prejudice resulting from the default, or if the denial of *habeas* relief will result in a fundamental miscarriage of justice. *Sternes*, 390 F.3d at 1026. Cause exists if he shows an external impediment prevented him from presenting his claim to the state courts; prejudice is established by showing the violation of his federal rights actually and substantially disadvantaged him during his entire trial; and a miscarriage of justice exists if he demonstrates he was actually innocent. *Id.* Construing his *pro se* § 2254 petition liberally, Velasquez alleged prejudice resulting from his trial counsel's refusal to investigate whether he requested an attorney during interrogation and to allow him to testify at the suppression hearing. Velasquez, though, has not alleged or established cause for the default. He was represented by counsel on direct appeal and before the Illinois appellate court in his post-conviction proceeding. Dkt. 16, Exs. A, F, I. Both cause and prejudice must be shown. *Sternes*, 390 F.3d at 1026. He does not alternatively allege or demonstrate a fundamental miscarriage of justice. As a result of the procedural default on his

5

ineffective assistance of counsel claims, federal *habeas* relief is foreclosed, and the court does not reach Velasquez's merits argument under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Anderson v. Benik*, 471 F.3d 811, 815 (7th Cir. 2006); *Sternes*, 390 F.3d at 1026-27.

### B. Sufficiency of the Evidence

On direct appeal to the Illinois appellate court and in his petition for leave to appeal to the Illinois Supreme Court, Velasquez argued knowledge of the victim's age was an implied element of predatory criminal sexual assault, and the State failed to present evidence that he knew the victim was under 13 years old. Dkt. 16, Exs. A, F. The Illinois appellate court concluded knowledge is not an element of child predatory criminal sexual assault under Illinois law, and the Illinois Supreme Court denied leave to appeal. Dkt. 16, Ex. D at 16-17; *People v. Velasquez*, 888 N.E.2d 1188 (Ill. 2008). In his § 2254 petition, Velasquez contends sufficient evidence was not presented at trial to prove his guilt of child predatory criminal sexual assault beyond a reasonable doubt. He does not presently raise the knowledge issue that was presented on direct appeal. Rather, he argues the victim's inconsistent testimony demonstrates she "concocted the story of being raped," and no physical evidence was presented at trial. Dkt. 2 at 5, 10.

"To fairly present claims ... a petitioner must provide the state and federal courts with the same factual and legal bases." *Curtis v. Montgomery*, 552 F.3d 578, 583 (7th Cir. 2009); *Benik*, 471 F.3d at 814-15. In *Curtis*, the petitioner failed to discuss the intent element on direct appeal when he argued the State did not prove beyond a reasonable doubt that he engaged in two acts of surveillance. *Id.* Similarly, Velasquez failed to present his insufficient evidence claim on direct appeal when he argued Illinois law required a showing that he knew the victim was under

13 years old. This does not constitute a "mere variation in legal theory" to avoid procedural default. *Sweeney v. Carter*, 361 F.3d 327, 333 (7th Cir. 2004), *cert. denied*, 543 U.S. 1020, 125 S. Ct. 657, 160 L. Ed. 2d 496 (2004). Velasquez changed the substance of his claim in his § 2254 petition. Because he procedurally defaulted his insufficient evidence claim and he does not allege or demonstrate cause, prejudice or a fundamental miscarriage of justice, he forfeited federal *habeas* review of the insufficiency claim. *Curtis*, 552 F.3d at 582.

The State argues that even if Velasquez did not procedurally default his insufficient evidence claim, it is meritless. To prove predatory criminal sexual assault, the State needed to show beyond a reasonable doubt that Velasquez was at least 17 years old when he committed an act of sexual penetration with the victim who was under 13 years of age. 720 ILCS 5/12-14.1(a)(1); Dkt. 16, Ex. D at 17. Factual findings of the state courts are presumed to be true unless Velasquez presents clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Foster v. Schomig*, 223 F.3d 626, 631 (7th Cir. 2000), *cert. denied*, 532 U.S. 944, 121 S. Ct. 1407, 149 L. Ed. 2d 349 (2001). All evidence must be viewed in the light most favorable to the State, including the resolution of conflicts in testimony. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). Velasquez is entitled to *habeas* relief "if it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Id.*, 443 U.S. at 324, 99 S. Ct. at 2791-92.

Velasquez admitted that on November 26, 2003, he was at least 17 years old. Dkt. 16, Ex. D at 17. The State introduced into evidence a certified copy of the victim's birth certificate, establishing she was 11-years old on that date. *Id.* At trial, the victim testified she went for a drive with Velasquez to a park where multiple acts of sexual penetration occurred. *Id.* at 11; Dkt.

16, Ex. M at Q-17 thru Q-20. While Velasquez denied at trial that any sexual activity took place, he confessed to committing sexual penetration with the victim in the written statement admitted into evidence. Dkt. 16, Ex. M at Q-94. Velasquez argues as he did at trial that no physical evidence was presented and the victim made inconsistent statements on cross-examination regarding the nature of some of the acts of sexual penetration and why she got into Valasquez's car. Viewing the trial record evidence in a light most favorable to the State, a rational trier of fact could have found Velasquez guilty of child predatory criminal sexual assault beyond a reasonable doubt. Velasquez is not entitled to *habeas corpus* relief on the merits of the insufficiency claim.

### C. Illegal Arrest

Velasquez contends his December 1, 2003 arrest violated his Fourth Amendment rights because there was no warrant, he was not informed of his alleged crime and he was not included in a line-up for identification. Based on the arresting officer's testimony, the Illinois appellate court found that the victim identified Velasquez before he was placed under arrest and transported to the police station. Dkt. 16, Ex. D. at 11. Velasquez did not raise his Fourth Amendment claim on direct appeal or in his post-conviction proceeding. The claim is procedurally defaulted. *Sternes*, 390 F.3d at 1025-26. While Velasquez does not allege cause or prejudice to excuse the procedural default, he contends he "was arrested for crimes he did not commit." Dkt. 2 at 6. To find that a fundamental miscarriage of justice occurred, Velasquez must submit new evidence to support his actual innocence contention. *Coleman v. Hardy*, 628 F.3d 314, 319 (7th Cir. 2010); *Hayes v. Battaglia*, 403 F.3d 935, 938 (7th Cir. 2005). Velasquez submits portions of the suppression hearing transcript and his own affidavits of November 17,

2008 and December 7, 2010, which reiterate arguments unrelated to his illegal arrest claim that were made to the trial and Illinois appellate courts in post-conviction proceedings, but not the Illinois Supreme Court. Because he has not provided new evidence, Velasquez has failed to satisfy the high burden to establish a miscarriage of justice. *Battaglia*, 403 F.3d at 938 (citing *Schulp v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)).[3]

Velasquez's illegal arrest claim is also foreclosed by *Stone v. Powell*, 428 U.S. 465, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976). Under *Stone,* evidence obtained in an unconstitutional search or seizure and introduced at trial may not serve as the basis for federal *habeas* relief when the petitioner had an opportunity for full and fair litigation in state courts. *Stone*, 428 U.S. at 494, 96 S. Ct. at 3052. Velasquez does not argue he was denied a full and fair opportunity to litigate his Fourth Amendment claim. *Battaglia*, 403 F.3d at 939. He moved to quash his arrest and suppress evidence to the trial court. Dkt. 16, Ex. A at 25. He did not appeal the trial court's denial of the motion. Dkt. 16, Exs. A, G. Federal *habeas* review of his illegal arrest claim is barred. *Ben-Yisrayl v. Buss*, 540 F.3d 542, 552 (7th Cir. 2008), *cert. denied,* – U.S. –, 129 S. Ct. 2890, 174 L. Ed. 2d 581 (2009).

### D. *Miranda* Rights

Velasquez contends his *Miranda* rights were violated because the interpreter was not a native Spanish speaker, and he signed the *Miranda* waiver after a police officer assured him he would be permitted to leave if he did so and he did not need an attorney.[4] Velasquez did not

---

[3] Similarly, Velasquez has not presented new facts or clear and convincing evidence to warrant an evidentiary hearing. 28 U.S.C. § 2254(e)(2); *Battaglia*, 403 F.3d at 937.

[4] Velasquez procedurally defaulted a similar ineffective assistance of counsel claim in post-conviction proceedings, because it was not included in a petition to the Illinois Supreme Court. *See,*

9

apprise the state courts of the constitutional nature of his *Miranda* claim on direct appeal or in his post-conviction proceedings. *Curtis,* 552 F.3d at 583; *Benik,* 471 F.3d at 814-15. He procedurally defaulted this claim. *Id.* Velasquez does not allege cause, prejudice or a fundamental miscarriage of justice to excuse the default. Even if he had not procedurally defaulted the claim, the factual findings of the state court, presumed to be true, do not support his *Miranda* claim. 28 U.S.C. § 2254(e)(1). The Illinois appellate court found Velasquez was given his *Miranda* warnings in English during arrest, and no questioning occurred while he was transported to the police station because he only spoke Spanish. Dkt. 16, Ex. D. at 11. The court also found that he was read his *Miranda* rights in Spanish at least three times at the police station, and he voluntarily waived his rights. *Id.* at 15. Velasquez does not present affidavits or other new evidence to the contrary. Federal *habeas* review of his *Miranda* claim is foreclosed.

## CONCLUSION

For the reasons set forth above, the petition for a writ of *habeas corpus* is denied.

ENTER:

Suzanne B. Conlon
United States District Judge

April 5, 2011

---

*supra*, section A.